# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

In Re: Asbestos Litigation ) 
) 
)     C.A. No: N23C-02-129 ASB
) 
**LADONNA SUE BRAXTON,** )
Individually and as Independent )
Executrix of the Estate of MARVIN )
**JERRY BRAXTON, JR.**, deceased, )
) 
) 

Submitted: October 24, 2021
Decided: December 17, 2024


## ORDER GRANTING PLAINTIFF'S MOTION TO EXCLUDE THE TESTIMONY OF MEMORY RETENTION EXPERT CHARLES WEAVING, III, PHD.

## GRANTED


*Michael C. Smith*, *Esquire*, Balick & Balick, Wilmington, Delaware, Attorney for Plaintiffs.


*Paul D. Sunshine, Esquire*, Reger Rizzo & Darnall, Wilmington, Delaware, Attorney for Defendant


**Jones, J.**

On October 9, 2024, Plaintiff Ladonna Sue Braxton ("Braxton") filed a Motion in Limine seeking to exclude the testimony of Dr. Charles Weaver ("Dr. Weaver") as an expert witness to describe and explain to the jury various factors that have been demonstrated scientifically to compromise the reliability of eyewitness memory. Braxton proffers that Dr. Weaver will apply such scientific factors to the testimony of decedent Marvin Braxton.

Whether Dr. Weaver's expert testimony should be admitted turns on whether such testimony is relevant and reliable in assisting the trier of fact. Under RULE 702 OF THE DELAWARE RULES OF EVIDENCE, if scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify if the testimony is based upon sufficient facts or data; the testimony is the product of reliable principles and methods; and the witness has applied the principles and methods reliably to the facts of the case.[1] When an expert's opinion is challenged, the trial judge acts as the gatekeeper and must determine whether the expert testimony is both relevant and reliable.[2]

JMM contends that Dr. Weaver's testimony is admissible because it will assist the jury to better understand the scientific principles that influence human memory and guide the jury to apply such principles to Braxton's testimony. JMM points to

---

[1] D.R.E. 702.
[2] *Bell Sports, Inc. v. Yarusso,* 759 A.2d 582, 588 (Del.2000) (citing Daubert *v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 589 (1993)).

the fact that Dr. Weaver has been admitted to testify on similar principles in approximately thirty-five (35) other cases.

Plaintiff counters that Dr. Weaver's expert memory testimony is inadmissible because it would not assist the trier of fact to understand the evidence or to determine a fact at issue. Plaintiff notes that Dr. Weaver's testimony goes to the credibility of the witness—a question for the jury to determine at trial.

JMM asserts that Dr. Weaver will not comment on the credibility of Braxton's testimony but will instead provide the jury with an accurate framework with which to evaluate Braxton's memory. However, the framework JMM seeks to provide through Dr. Weaver directly attacks Braxton's ability to remember events that occurred 30 to 40 years ago. In doing so, the framework attacks Braxton's ability to testify truthfully on such events, and thus undermines his credibility. According to JMM, Dr. Weaver's testimony will explain factors that impact the reliability and accuracy of such memories and then relate these factors to Braxton's testimony.

"[E]xpert testimony impermissibly invades the province of the jury if it embraces matters in which 'the jury is just as competent as the expert to consider and weigh the evidence and draw necessary conclusions.'"[3] This Court has previously precluded Dr. Weaver from testifying as an expert witness on memory,

---

[3] *Wheat v. State*, 527 A.2d 269, 272–73 (Del.1987) (citing *IBN–TAMAS v. United States*, 407 A.2d 626, 632 (D.C. 1979)) (quoting *Lampkins v. United States*, 401 A.2d 966, 969 (D.C. 1979)).

finding that the testimony was "sufficiently within the common knowledge and experience of the jury."[4]  Here, the testimony JMM proffers is the exact testimony previously rejected by this Court on two prior occasions as invading the province of the jury in considering and weighing the evidence.[5]  The Court again finds this evidence is not relevant in assisting the trier of fact to understand the evidence or to determine a fact at issue.

It is the jury's role to assess a witness' credibility.  JMM may certainly attack Braxton's memory on cross examination and discuss evidence produced at trial relating to this issue during closing argument; however, it may not use an expert witness to do so.

**IT IS ORDERED** that the Motion is **GRANTED.**

/s/ Francis J. Jones, Jr.
Francis J. Jones, Jr., Judge

cc:    File&ServeXpress

---

[4] *See in re: Asbestos Litigation,* No. 032010JR Trial Grp., at 88 (Del. Super. Ct. Mar. 4, 2010) (p.88); *CNH Indus. America LLC v. Travelers Indem. Co.*, 2015 5145523 (Del. Super. 2015).
[5] *Id.*